Mr. Primmer. Thank you, Your Honor. We note you're appointed under the Criminal Justice Act, Mr. Primmer, and the Court appreciates your help. Thank you for the opportunity, Your Honor. Your Honors, Mr. Mikkel, may it please the Court, my name is Chad Primmer. I'm an attorney from Council Bluffs, Iowa, who's had the distinct pleasure of being appointed to the name of Tang Nguyen. She is referred to as Janney, and I will refer to her today as Janney and her sister Kim, rather than by various addresses, because the facts in this case, at first glance, can appear to be somewhat convoluted. But I think the ultimate question at this case, it comes down to what is possession in the Eighth Circuit, and can a person be convicted of possessing something they initially don't know that they were receiving, they never handled, and ultimately, adamantly requested they not receive when they learned what it was. And this case reminds me of my first day of criminal law down the street at the Creighton Law School with Professor Neumeister, and he pounding his fist on the podium saying that we punish culpability in the criminal law. And culpability requires, as this Court is well aware, actus reus in mens rea. And I think that both are lacking in this particular case. Now, I understand that this Court has previously discussed transitory possession and has not necessarily adopted a particular jury instruction. However, I think on previous occasion, the facts of the particular cases have not been consistent with the cases in the Fifth and Tenth Circuits where they've discussed this idea of fleeting or transitory possession. And if you look at the background facts. Now, I've got to stop you there, because your brief says momentary or transitory. There was a preliminary reference to fleeting, momentary, transitory, temporal in Adkins, but when they got down to the nitty-gritty and talked about whether there was a defense, it was only for fleeting or momentary. Now, transitory, there are all kinds of situations where someone is in transitory possession, a drug courier, for example. So, I don't under, you know, your proposed instruction has to have been right as a matter of law. How can transitory possibly be, capture the essence of criminal, non-criminal possession? Well, I think where it is distinguished, Your Honor, and I will note that I did have, I do have some disagreement with the district court's position that in order for it to be qualified under law, it would have to be a situation where an individual came into possession of it, knew what it was, and then turned it over to law enforcement. I don't think that that's what this circuit has which did require that. I was just asking you, you know, you're relying on Adkins in the Fifth Circuit cases, and they don't talk about transitory. They talk about fleeting and always, and either without knowledge or without criminal intent. Well, I think the distinguishing characteristic in this particular case, and this circuit has previously said that an individual is that defense has to be recognized in the law. That correctly states the law. Correct. The packages in question here, as you'll note that the fourth element of jury instruction number 16 was that Janie Nguyen possessed these packages on or about March 22, 2012. Okay. The evidence is that the packages were coming while she was at work, that her sister Kim, who lived down the street, would pick them up while on the same day, and then they'd be gone. The distinguishing characteristic is that while element 3 of paragraph of instruction number 16 requires knowledge, that knowledge can be inferred from the fact that she knew they were coming, because the evidence in this case supports the fact that she knew where they were coming. The important characteristics is that Kim Nguyen's testimony was, she yelled at me and told me to stop. Now, these folks, this conspiracy was busted on April 24th. Now, this possession, there never was any, the record is silent as to when she had this conversation, but we're talking about possession on or about 30 days prior to it getting busted. Now, the knowledge in element 3 that the defendant did so knowingly, that can be interpreted from the fact that she knew they were coming because she told the sister, I don't want them here. Don't have them be here. And so the jury can look at instruction number 3 and say, well, of course she had knowledge. They went to her house. This circuit has said previously that if something's in your house, you possess it. Of course she knew, but the intent. Did she have the intent? Did she want them there? No. She said, I don't want them there. So that's, that's where I think the distinguishing characteristic comes from. Knowing and desiring are dichotomous terms in this particular analysis. The government said, brief says there was evidence that she went to Vietnam and helped mail some back for her, one of her, for her family members. She had been to Vietnam and perhaps on some different day, she did commit a crime, but we're talking about possession on or about March 22, 2012, the sole count of conviction. And on March 20, the evidence shows that she said, hey, I don't want this stuff coming to my house. And so the jury's looking at number one, the defendant shipped, transported, received, possessed, sold. Of course she received that amount of cigarettes. That's clear. The postal receipts show that they came to her address. There's, what's interesting is in the record, you'll note that there is indications that someone signed Janie Nguyen's name on three occasions in September of 2011, once in December of 2011, and then three times in January of 2012. There's no indication that she actually signed for or received the packages in March. Kim Nguyen, Kim Nguyen's testimony is clear. She told me to stop. Kim Nguyen also told her, also said, can I borrow your address? She never said what for initially. So perhaps at some point in time, she knew what was going on. Perhaps at some point in time, she even had committed a crime. But the question is, is on March 22, 2012, when the evidence that's in the record clearly supports she told her sister, don't send any more of this stuff to my house. I thought you said that wasn't clear when she said that, that when that when that yelling was. Well, when you have a conspiracy, Your Honor, and as it goes to the Rule 29, Rule 33 motions, you know, if if it's based on speculation that no more supports guilt than innocence, that's not enough. But when you're looking at a conspiracy that, as charged, occurred from 2011 up through April 24, 2012, when is it more likely that that conversation would have happened? So the eight counts that she was acquitted on included conspiracy and seven other possessions. I didn't check that. Among other things, yes, Your Honor. She was acquitted. She was acquitted of the conspiracy, right? She was convicted only of one count of possession. Right. I understand this. She was convicted of everything except for the possession. But what it comes down to is, is on March 22, 2012. That's the only thing we have to worry about. We can't lose sight of the tree by looking at the forest. The tree says March 22, 2012. Counsel, you're right. But but the District Court and of course, there's two. You raised both the instruction point and the and the sufficiency. Correct. On the instruction point, the District Court has to look at the all the counts that were charged. And and the evidence, all of the all of the the evidence that you're suggesting we can put aside because they didn't involve the March 22nd shipment affected the other charges. And so how can how can the District Court give if the momentary and trans and instruction is not supported by the evidence as it faces all charges? How? How's the District Court supposed to handle that? I think that the District Court includes limiting language within the instruction that says, as applies to instruction number 16, transitory possession shall be defined as follows. That requested specifically as to that probably probably not. Your Honor, I don't want to take a position. I don't recall. But it would be. And I didn't try these kinds of cases, but I would be surprised if it was if the the onion peels that this this was the only possession count, Your Honor. So the requested the requested instruction would have only applied to this. What were the other tax evasion among other other things? It was primarily a tax case, Your Honor, for untaxed cigarettes. And Council, I understand what you offered was the 10th Circuit's instruction, right? Correct, Your Honor. Okay, now it has the or in there because it says if you possess it only momentarily, then it says or did not know it that the person possessed it. She possessed it. Do you think the or is wrong? Because the and the D. C. Circuit, you know, has adopted this defense. You think it should be an end? Can you say that again, Your Honor? Sure, I'd be happy to. If I understand what the D. C. Circuit did in the Mason case, correct the one that my clerk has here. The D. C. Circuit has an end there. It says you have to do to two requirements. One, get it innocently, no illicit purpose and transitory. Okay, now the 10th Circuit has an or there. The 10th Circuit says momentarily or did not know possessed it. Frankly, I think she gets acquitted using either instruction, to be honest with you, Your Honor, and I don't particularly mind either of them. I would have liked to have either of them at the district court because then I could have and again, do you know if the D. C. Circuit I didn't ask the clerk to look at this. You know, the D. C. Circuit has a pattern instruction on this. I did not note it, Your Honor. Don't worry about it. I didn't think of it this second. Proceed. But again, if you look at the Montgomery case, the government cited Montgomery and right in their brief and the Montgomery case does talk about this. The Mason case from 2000 D. C. Case. However, this court subsequently in buyers and I doesn't talk about that additional requirement. You didn't mention earlier that you turn it over to law enforcement. So I just want to make sure that I don't think and in fact, it wouldn't make any sense. The particular facts of this case, because on March 22nd or March 20th, when the when the packages actually arrived, according to the postal records, she would have to have gone out and actually found the cigarettes somewhere else, put them back in her possession and turn them over. And that just offends all. I quite agree with you, except, you know, like when you read our right case, our right case dodges the issue by saying, pardon me, saying dodge that offends anybody. He has yet to rule on this in that case by saying, did right the defendant there read himself of the firearm as soon as reasonably possible? Well, you see, so that's kind of a the second you find out it's bad, you go test. Well, arguably, in this case, as soon as she's found out it was bad, she did say, ah, to quote the court by saying, hey, Kim, stop sending your your illegal cigarettes to my house. And in right, I think it's highly factually distinguishable in the fact that this individual who was a passenger in a car among being apprehended by the trunk, he just takes off. You know, here in this particular case, she said no before. You know, it would be the only way you would make those facts similar would be right if he never got in the car. You know, Janie Nguyen never got in the car under those facts. And I think, again, I think Montgomery is distinguishable in the fact that you have a father and a son going in. It's basically a straw purchase. I think the facts of this particular case provide this circuit with the appropriate factual pattern, if you will, to adopt this. And I think it is consistent with law. I think it does the transitory possession in this particular instance, and it won't apply in every case. But in the particular factual arrangement that we have in this case would support this court's previous decisions on possession, because it does further elaborate on that knowledge element. Because I think the jury in this particular case looked, yes, she knew because she told her sister no. But knowing and saying I don't want it is different from knowing and saying I do want it. And I think that's the distinguishing characteristic in this case. With that, I'll... I did notice one other thing. I read your brief as saying that I didn't give it, the stock possession instruction didn't give the defendant a fair opportunity to make this argument. I also, then I read in Atkins where they note that the argument was made, even though the instruction wasn't given. So why, if I've read your brief correctly, why was it effectively precluded here? Well, I know what the next line of my brief, the next line of my brief says, that it's one thing for a lawyer to stand up and argue. It's a whole other thing for the that doesn't get very far in the instruction jurisprudence. Sure, lawyers always want the courts to beef up the argument with an explicit instruction, but that's not our instruction jurisprudence. I understand that, Your Honor, but I sincerely believe that I requested an instruction that fairly characterizes the law and simply expanded upon and gave the jury some additional understanding of what knowledge meant. Was transitory in the request? Yes. In what case? The Tenth Circuit case, Your Honor. No, no, it doesn't. I mean, you can't read Atkins. Atkins, that may have been the requested instruction, but when they're discussing the issue, they're discussing fleeting. And transitory, transitory would mean as long as the defendant knows that it's coming to her house and Kim's going to come get it every time, she's always transitory. Well, that's no case that says that's doesn't, you know, that avoids criminal possession. Well, again, she asked not to be there. That's different. But I think what this case comes down to is that a defendant was denied of a proper instruction to support their theory of defense, which was correct under the law. Perhaps there hasn't come a case where transitory possession has been appropriate in the facts. I think this is that case. If you look at these cases, it's very factually driven. Thank you, Mr. Mickel. It pleases the court. Good morning, Mr. Primmer. My name is William Mickel. I'm an assistant U.S. attorney here in Nebraska. I represent the appellee United States in this case. The district court properly denied appellant's motion for judgment of acquittal and did not abuse its discretion denying appellant's request for a transitory possession, jury instruction, and her motion for a new trial. Just as a background, appellant and five co-defendants were indicted in an 18-count indictment. Mr. Primmer was correct in that it included tax counts. It was a conspiracy to import and distribute untaxed Vietnamese cigarettes. The defendants were charged with conspiracy. They were also charged with avoiding payment of applicable federal and state taxes and also charged with mail fraud. Count six of the indictment charged appellant Tang Nguyen with possession of more than 10,000 untaxed cigarettes on or about March 22, 2011. So in essence, she and a co-defendant proceeded to trial. The co-defendant was acquitted on all counts. So it was just one possession count? Ms. Nguyen was charged just with the one possession count. That was count six of the indictment. Were there other possession counts? There were other possession counts charged by other defendants and those were resolved either through pleas or, as I mentioned, the other co-defendant was acquitted at trial. Ms. Nguyen asks you to, in essence, jump two hurdles here as far as the transitory possession instruction. Number one, she wants you to say, yes, it's a recognized offense and it's a recognized situation here in this case. The instruction she requested was a model 10 circuit instruction 1.31 and the court is correct in its comments. The court should not find the defendant possessed the object if she possessed it only momentarily or did not know that she possessed it. So that's the wording of the model instruction that Ms. Nguyen requested. She requested the instruction timely. However, the evidence does not support the instruction and there's no evidence at this point in time and I strongly urge the court not to make that double leap to recognize this type of a defense in this type of case. Referring to the record, page 560. What do you mean by this type of case? In a non-firearm felon in possession case, the courts that have all dealt with this type of situation have limited their consideration to those cases where a person who's a prohibited person finds a firearm, whether, depending on the factual scenario, whether they find it in a street, in a bag, in a fight, get it from someone else, but they're limited in the types of cases to felony possession counts and primarily on the basis of a public safety issue. They want to keep these types of firearms off the streets, out of people's hands who are prohibited from possessing them. So you have the three cases here. What's different with cigarettes, counsel, untaxed well? I see them about the same. You got to tell me. They're very similar and as the situation here, but in, well, Laparada identifies the distinction between the cigarettes and the food versus Montgomery, U.S. versus Jibriyali. I thought at least one of these cases was like a one marijuana cigarette. I don't recall that, your honor. And I, the 11th, I haven't read them all. Maybe I read that, I read Atkins this morning, maybe that's where I read it, but I thought the discussion was not limited to firearms and there was even a comment that firearm possession is almost, is almost per se liability. Well, I don't remember that and certainly Mason was a firearms case and the district court in, excuse me, the circle court in the District of Columbia is the only circuit that I'm aware of that is recognized. Well, all I read was, was Wright and then Atkins this morning and one of them there was a reference to a one marijuana cigarette case as being someone who picked it up, looked at it and threw it away and, and the defense should apply there. Well, and again, I'm sorry, I, I, I can try. Well, it shouldn't clearly apply there. In that situation. So we, so I mean, this is not firearm only. Well, all right. We're not, I mean, we're not going to go there. Well, but, but your honor, the, the situation factually here is not the same as the firearm, the isolated firearm case that has been considered for that momentary or transitory possession. Because in this case, you have a continuing course of conduct that ties this defendant to the, the cigarettes. Counselor, now having you switch back to sufficiency there, your opponent does this too. So I don't mean to be rude to you. Well, but suppose, let me, let me frame it to you this way. Suppose that in this case, they had offered a right instruction and they had said, it's not possession if she as promptly as reasonably possible attempted to rid herself of the cigarettes. Wright authorizes that instruction, doesn't it? Yes, but I don't think it applies in this case factually. There is no evidence. In fact, the evidence is the contrary, that she continued in her efforts and obtain the cigarettes and continued to have those come to her house. Page 560 of the transcript identifies that Ms. Nguyen yelled at her sister, Kim Nguyen, to stop sending them to the house. Unfortunately, there is no date, time, place as to where that occurred. The conduct as to the appellant continued for approximately eight months to include almost 300,000, almost 400,000 cigarettes. How many of those came to her house? Well, there were approximately the total number of cigarettes, if you'll excuse me just a moment, the total number of packages between September of 2011 and April of 2012. September 2011 was when the first surveillance, if you will, took place of the postal packages by the U.S. Postal Inspection Service. April of 2012. Counselor, how many of those did the jury find, these hundreds of thousands of cigarettes? How many of those did the jury find any liability for? Just these 10,000 we're talking about? Well, she had to have that possession of more than 10,000. So there, I believe, were 11,680 at that one day in 11 parcels. But over the entire course of the conspiracy between September of 2011 and April of 2012, I believe the evidence will show that at her home... But the jury didn't believe that. How do we know the jury believed there are that many cigarettes when they acquit of all these counts? In state court, we, you know... We don't know that. I have a state court background of that state court. We don't believe it until the jury finds it. I understand that, but we don't know that. But the evidence is certain that they believed that on that day she possessed the more than 10,000 untaxed cigarettes. And so why doesn't the defense apply on that day? Because you can take the evidence in the isolated incident that she knew what was going on, that she possessed them, that they were untaxed, and the total was in excess of 10,000. So you have a situation here that you have evidence, again, from the... I don't know, I was not in that jury room, but the jury certainly was able to... You just jumped to sufficiency again. You're saying she doesn't get the instruction because the evidence was sufficient. That's not theory of defense instruction jurisprudence. I understand that, Your Honor, but she knew that she had those packages on her about March 22nd, 2012. Those packages were coming to her home, they were intercepted by the Postal Inspection Service, and they were addressed to her name, and they were sent by the same sender. So she was in knowingly possessed them. She did so on her about March 22nd, 2012, and the number totaled more than 10,000, 1,100, 680. The defense also argues that he wasn't allowed to argue either knowledge or possession, but he did argue on page 724 to 726. Appellants counsel, during closing argument, argued that the appellant did knowingly possess them, and so the jury instruction that was given, jury instruction number 16, identifying possession of contraband cigarettes, in fact, went above and beyond in the fact that the district judge included the definition of knowingly, if the defendant is aware of the act and does not act through ignorance or mistake or on closing, that the appellant did not knowingly possess. Counsel, here's an odd question for you. The Tenth Circuit has this or in the middle of it. It acts like momentarily is different than knowledge. You know, it says momentarily or did not know. The district court in ruling on this puts an and in there, you may know. The district court says in so doing lack knowledge. A possible finding that only momentarily possessed and in so doing lack knowledge. Do you think the district court put an and in it when the district court considered it? I'm on page 670, I'm sorry, 668 over to 669 of the record. So do you think that in effect the defendant here did ask for and, the court understood it as and instead of or? There's nothing specifically referring one way or the other, Your Honor. And I don't know that. I do know that the judge, the trial judge is very careful as to that. In fact, his background is an appellate position with the state of Nebraska. So he would be very careful as to his wording and grammar and syntax. So be that whether I hope or not, I'm not able to say so on that. There's also, well, sufficiency that the defendant or the from the trash pull, from the search of the houses and the search of the packages. Clearly identified that this defendant and others knew what was going on, should that she possessed the contraband cigarettes on the date that she was convicted. When was she in Vietnam? That's also not clear from the record. So perhaps outside the conspiracy period? Perhaps. And again, page 374 of the transcript identifies her incident with her brother in Vietnam when she saw a package with the Vietnamese cigarettes in the unsealed parcel and that the Who testified to that? She admitted that. She admitted that to the investigating officer on April 24th during her post Miranda interview. Were personally involved in shipping her words as that the deputy testified to? I believe so, yes. Okay, personally involved in shipping, right? So again, I'd refer the court to that that specific site. Again, I believe it's pages 374-375 of the transcript, but that she was there personally with her brother in Vietnam at the time one of the packages that was shipped to the United States was opened and then sealed. So yes, she was there. She also knew that her cigarettes. She did sign for packages. Well, may not overstate exhibits 249-A through 249-F identify signatures that are on packages. The Postal Inspector Mercek testified that when packages are delivered of this type, they require a personal signature. If the person, the recipient is at the home at the time, the Postal Inspector makes contact, the recipient signs on a handheld pad. If the recipient is not at the home at the time of the package, then the person receives what's called a PS 3849, another government form for them to come to the post office. At that point in time, they must present identification in order to pick up the package. I see my time has expired. May I finish my point? Sure. We have at least two instances, Exhibit 249-A and 249-B, signatures for parcels on 9-26 of 2011 and 9-21 of 2011, where those parcels were picked up at the post office by someone who presented the identification of Tang Nguyen. And so those packages and parcels on 9-26 and 9-21 of 2011, again, would lend themselves to the fact that this appellant knew and participated. Your Honor, we'd ask that the court affirm the district court's conviction and sentence. Thank you. Thank you. Mr. Primer have some time? He has no time left. I'll give you a minute if you'd like. Thank you, Your Honor. I'll speak first to the instruction, and I do apologize for flipping back and forth, but the issues are sort of intertwined. This court has stated that discretion is abused by failure to provide a theory of defense instruction whether the jury instructions taken as a whole fairly and adequately represent the evidence and applicable law in light of the issues presented to the jury in a particular case. I think based upon facts as presented to the jury that that is exactly what happened, and I think I will rest on that point being that the facts of these cases are determinative of whether or not an instruction is, the defendant is entitled to a particular instruction. Now in regard to your question, Judge Loken, about this marijuana cigarette, that's cited on page 21 of my brief. That's the Fifth Circuit in the rent opinion. They're discussing that. Now also if you look at the particular counts in the indictment, the defendant was indicted for conspiracy, facilitation, and six separate tax counts, and then the possession count only on this date. I think it's inconsistent for the defendant to have been acquitted of facilitation and subsequently found guilty for possessing. I think that all of the other conduct discussed by the government in relation to the acquitted conduct is irrelevant for purposes of determining whether or not an appropriate instruction was given or that the evidence was sufficient in providing that Tang, Janning, and Winn possessed those cigarettes on March 22nd. That is the date. That's important. Thank you. Thank you, counsel. Case has been well briefed and argued, and we will take it under five minutes.